# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DAVID PIERCE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CV421-269 |
| ) | |
| HATE CRIME VICTIM ) | |
| JANE/JOHN DOE, ) | |
| ) | |

## REPORT AND RECOMMENDATION

*Pro se* party Abanoob Abdel-Malak has filed this case, which appears to be related—at least in substantial part—to an ongoing criminal action in California. *See generally* doc. 1. The Court previously directed Abdel-Malak to amend his pleadings, as they were impermissible "shotgun pleadings." *See* doc. 10 at 1-2. The Order also explained that, to the extent that the pleadings represented an attempt to remove a criminal proceeding from the California state courts, the Court had previously determined that it lacked jurisdiction. *See id.* at 3-4. The deadline for Abdel-Malak to amend his pleadings has passed. Rather than filing an amended pleading, he has filed several motions, including a request for an extension of time. As those motions confirm

that his principal intent in these cases is removal of his criminal prosecution, these cases should be **DISMISSED**.

Among the requests in Abdel-Malak's most recent motions is that the Court appoint him counsel. *See* doc. 11 at 2; *see also* doc. 13. Abdel-Malak does not, however, have any constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where

the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As discussed below, it is clear that Abdel-Malak's attempt to remove his criminal prosecution is improper, and no amount of legal assistance will alter that fact. The Court, therefore, discerns no "exceptional circumstance" warranting appointment of counsel. His request is, therefore, **DENIED**. Docs. 11 & 13; *see also* doc. 8.

Abdel-Malak also objects that he does not have what he considers to be sufficient access to legal research materials. *See* doc. 11 at 1-2. He requests an Order directing his custodian, apparently the San Bernardino County Sheriff, to permit him access to a law library. The right of access to the courts encompasses "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). However, this right does not automatically translate into a right to a law library or other forms of legal assistance. *Id*. at 350 ("*Bounds* established no such right [to a law library or to legal assistance]."). In order to state an access to courts claim, any alleged infringement of plaintiff's right of access to the

3

courts "must have frustrated or impeded [his] efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). However, there is no requirement that states enable a prisoner to "*litigate effectively*" once in court. *Lewis*, 518 U.S. at 354. As discussed below, Abdel-Malak's attempt to remove his criminal case to this Court is frivolous, and so any claim for access to legal materials would fail, even assuming that it could be brought in this Court. His request for such an Order is, therefore, **DENIED**. Doc. 11.

Finally, Abdel-Malak seeks an extension of the deadline to amend his pleadings. *See* docs. 11 & 12. As the Court's prior Order indicated, and as explained further below, Abdel-Malak's attempt to remove a state court prosecution from California to this Court is utterly without merit. The prior Order afforded Abdel-Malak an opportunity to amend his pleadings in this case, to the extent that those pleadings intended to assert other claims. *See* doc. 10 at 4-5. His most recent filings, however, confirm that this case is simply an additional attempt to remove his prosecution. *See generally* doc. 13. As explained below, there is no basis for this Court to exercise jurisdiction over Abdel-Malak's prosecution.

Additional time will not alter that fact. Accordingly, his request for an extension is **DENIED**. Docs. 11 & 12.

As this Court has previously explained:

> [Abdel-Malak] cannot remove a criminal prosecution from California to this Court. *See The People of the State of California v. Abdel-Malak*, CV420-232, doc. 11 at 3 (S.D. Ga. Oct. 7, 2020), *adopted* doc. 33 (S.D. Ga. Jan. 11, 2021). As the District Judge explained in his order remanding the prior case, "[a]ll relevant removal statutes," including 28 U.S.C. §§ 1443 and 1455, "limit removal to the district and division that geographically encompasses the states court before which the underlying case is pending." CV420-232, doc. 33 at 2. As before, none of the pleadings suggest any proceeding against Abdel-Malak within the jurisdiction of this Court. Therefore, the proper venue for his notices is the Central District of California. 28 U.S.C. § 84(c). As the notice of removal was improperly filed in this district, the cases should be **REMANDED** to the Superior Court of San Bernardino County, California. *See Lomax v. Florida*, 472 F. App'x. 902, 902–03 (11th Cir. 2012) (where removal was improper, the district court lacks subject matter jurisdiction and should remand the case pursuant to 28 U.S.C. § 1447(c)).

*People of the State of California v. Abdel-Malak*, CV421-360, doc. 14 at 3 (S.D. Ga. Jan. 28, 2022).

The closest that Abdel-Malak comes to asserting an argument against the conclusion that the Court lacks jurisdiction is his assertion that he remembers "a case from the Ninth Circuit Court of Appeals or/and a United States Supreme Court case that state if a District Court

wants jurisdiction over a case, a court may accept jurisdiction . . . ." Doc. 11 at 3.  While the Court cannot speculate on what Abdel-Malak may have read in his research, the principle he articulates is simply wrong. It is a fundamental principle of the American court system that "[f]ederal courts are courts of limited jurisdiction.  They possess *only* that power authorized by Constitution and statute, [cit.], *which is not to be expanded by judicial decree*, [cit.]."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added); *see also, e.g., Home Depot U.S.A. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019) ("[L]ower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. [Cit.]  Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." (internal quotation marks and citations omitted)).

Since this Court lacks jurisdiction over any removal of Abdel-Malak's California prosecution, that prosecution should be **REMANDED** to the Superior Courts of the State of California.  To the extent that his original pleading intended to assert any other civil claim against any defendant, such claim or claims should be **DISMISSED** because his original pleading is an impermissible "shotgun pleading," *see* doc. 10 at

1-4, or, alternatively, because he has failed to comply with the Court's Order to amend that pleading, *see* Fed. R .Civ. P. 41(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790

(11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA