IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID PIERCE, SHERRIE PIERCE, BREANNA PIERCE, DESIREE PIERCE, NICOLETTE PIERCE, HUNTER PIERCE, GAIL O'RANE, SUPERIOR COURT OF CALIFORNIA, and COUNTY OF RIVERSIDE,<br><br>    Plaintiffs/Respondents,<br><br>v.<br><br>AVA MALAK, a/k/a Abanoob Malak,<br><br>    Defendant/Petitioner. | CASE NO. CV421-269 |

## O R D E R

Before the Court is the Magistrate Judge's February 22, 2022, Report and Recommendation (Doc. 17), to which pro se Defendant/Petitioner Ava Malak[1] has objected (Doc. 18).[2] After a careful review of the record,[3] the objections are **OVERRULED**, and

---

[1] Perhaps due to Petitioner's confusing filings, the case caption on the Court's electronic filing system incorrectly lists "Hate Crim Victim Jane/John Doe" as an additional defendant. Review of Petitioner's removal makes clear that Petitioner was referring to himself when using this moniker. (Doc. 1 at 1-2.)

[2] Malak also filed an "Emergency Request for Additional Time to File Objections to Magistrate Judge's Report and Recommendations." (Doc. 21.) However, Petitioner timely filed his objections, which the Court has considered. (Doc. 18.) Therefore, his motion (Doc. 21) is **DENIED AS MOOT**.

[3] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)

the report and recommendation (Doc. 17) is **ADOPTED** as the Court's opinion in this case.

The Magistrate Judge recommends remand of this case for lack of jurisdiction since it appears to be another meritless "attempt to remove a state court prosecution from California to this Court." (Doc. 17 at 4.) In his objections, Petitioner contends that he is attempting to remove a civil case from California Superior Court but concedes that the appropriate federal venue for any challenge to this case would be "the United States District Court[,] Central District of California." (Doc. 18 at 1-2, 8.) Whether Petitioner is seeking removal of a civil or criminal action, the Magistrate Judge is correct that remand is appropriate.[4] Petitioner has simply not demonstrated how this Court could plausibly exercise jurisdiction over his case.

Furthermore, the Southern District of California, Central District of California, and Northern District of California have all determined that Petitioner's attempts to remove his California state court proceedings to federal court are improper. See State of California, et al. v. Abanoob Abdel-Malak, NO. 3:20-cv-1426, Doc. 7 at 2 (S.D. Cal. July 28, 2020); United States v. Hate Crime

---

(outlining the standard of review for report and recommendations)).

[4] It appears that Petitioner's notice of removal is related to the Request of Domestic Violence Restraining Order which Respondent Desiree Pierce filed against him in the Superior Court of California, County of Riverside. (Doc. 1 at 1, 54.)

Victim Jane/John Doe, No. 5:21-cr-213-JWH-1, 2021 WL 5346746, at *1 (C.D. Cal. Nov. 1, 2021) (remanding Malak's criminal proceeding to state court since his removal did not satisfy the requirements of 28 U.S.C. § 1443); Abdel-Malak v. California, No. 22-cv-01324-CRB (PR), 2022 WL 1157493, at *2 (N.D. Cal. Apr. 19, 2022) (rejecting attempt to remove criminal matter from the Supreme Court of California since the court "lacks jurisdiction to entertain the removal petitioner seeks"). Petitioner argues that these prior adverse rulings demonstrate that judicial relief is unavailable to him in California. (Doc. 18 at 2-4.) However, as another judge in this district has previously indicated, Petitioner's inability to achieve his desired outcome in the Central District of California does not establish this Court as a proper forum for the matter.[5] See California v. Abdel-Malak, No. 4:20-cv-232, 2021 WL 96978, at *1 (S.D. Ga. Jan. 11, 2021) ("Though Abdel-Malak has suggested that the federal courts of California cannot hear this case, . . . he has provided no justification for why the Southern District

---

[5] Petitioner briefly argues that the Court has jurisdiction over this matter because he lives in Hinesville, Georgia. (Doc. 18 at 7.) Setting aside the other reasons the Southern District of Georgia is not an appropriate forum, Petitioner's recent filings show his current address is San Bernadino, California. (See, e.g., Doc. 19 at 4.) While this may be an innocent mistake, Petitioner is warned that lying in court filings is a serious matter that could result in the imposition of sanctions, including possible restrictions on further filings.

of Georgia is an appropriate venue or why he can avoid removing to the proper courts.").

Based on the foregoing, the report and recommendation (Doc. 17) is **ADOPTED**, and Petitioner's case, DVRI1901830, is **REMANDED** to the Superior Court of California, County of Riverside.[6] All pending motions (Docs. 2, 3, 5, 6, 7, 21) are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 12th day of May 2022

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] To the extent Petitioner is requesting the Court to enjoin the state court proceeding, his request is **DENIED** because the Court lacks authority to take such action, Albra v. Moody, No. 19-cv-61677-SMITH, 2019 WL 3387030, at *2 (S.D. Fla. July 26, 2019) (finding court lacked authority to enjoin enforcement of state court imposed restraining order against a plaintiff), and because, once again, this is not an appropriate venue for Petitioner to make such a request. For future reference, Petitioner is advised that venue is proper in a civil action in a judicial district (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).